STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

February 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM M. HANNAN III,**
**Claimant Below, Petitioner**

**vs.)** **No. 11-0752** (BOR Appeal No. 2045192)
(Claim No. 2010098500)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**TAYLOR & BLACKBURN BATTERY COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner William Hannan III, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Taylor & Blackburn Battery Company, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 12, 2011, in which the Board reversed a September 30, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 18, 2009, decision rejecting Mr. Hannan's carpal tunnel syndrome claim on the grounds that neither an occupational injury nor disease occurred. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Hannan is employed as a truck driver/laborer with Taylor & Blackburn Battery Company. He has been diagnosed with bilateral carpal tunnel syndrome, which he alleges is a result of his employment. On August 17, 2009, Dr. Dauphin performed a physician review and recommended that the compensability of carpal tunnel syndrome be denied. Dr. Dauphin found that it does not appear that Mr. Hannan engages in any activity that causes carpal tunnel syndrome as part of his normal employment. On June 15, 2010, Dr. Mukkamala performed an independent medical evaluation, and found it unlikely that his carpal tunnel syndrome resulted from his employment because his occupation posed no significant risk factors for the development of carpal tunnel syndrome. Dr. Mukkamala did find that Mr. Hannan was subject to a significant non-occupational risk factor for the development of carpal tunnel syndrome in the form of excess weight.

In its Order reversing the September 30, 2010, Office of Judges' Order and reinstating the August 18, 2009, claims administrator's decision, the Board of Review held that there is insufficient evidence to show that Mr. Hannan developed carpal tunnel syndrome as a result of his employment. Mr. Hannan asserts that the evidence of record demonstrates that he developed bilateral carpal tunnel syndrome as a result of his employment.

The Board of Review found that Mr. Hannan described his job duties as requiring him to drive a truck and deliver batteries two to four days per week, and work in a shop the remaining days where he fills orders, cleans batteries, and cleans the shop. The Board of Review further found that he is required to install two to five automotive batteries per week. The Board of Review then found that Mr. Hannan's job duties do not fall within the categories at high risk for the development of carpal tunnel syndrome identified in West Virginia Code of State Rules § 85-20-41.5 (2006). Moreover, both medical reports of record indicate that Mr. Hannan's bilateral carpal tunnel syndrome is unrelated to his employment. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Menis E. Ketchum

**DISSENTING:**
Justice Margaret L. Workman
Justice Allen H. Loughry II